**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Carlos Lazcano,**<br><br>                    Plaintiff,<br><br>vs.<br><br>**Henhouse, Inc.,** an Arizona corporation; **Henhouse Tempe, LLC,** an Arizona limited liability company; **Henhouse Café 2, LLC,** an Arizona limited liability company; **Henhouse 3, LLC,** an Arizona limited liability company; **Henhouse 4, LLC,** an Arizona limited liability company; **Henhouse Commissary, LLC,** an Arizona limited liability company; **Henhouse Commissary Holdings, LLC,** an Arizona limited liability company; and **Brett Grebe and Maureen Grebe,** a married couple,<br><br>                    Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Carlos Lazcano ("Plaintiff" or "Carlos Lazcano"), sues the Defendants, Henhouse, Inc., Henhouse Tempe, LLC, Henhouse Café 2, LLC, Henhouse 3, LLC, Henhouse 4, LLC, Henhouse Commissary, LLC, Henhouse Commissary Holdings LLC, and Brett Grebe and Maureen Grebe, (collectively "Defendants" or "Henhouse") and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for unpaid overtime and minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek.  See 29 U.S.C. § 207(a).

3.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.    The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.     At all material times, Defendant Henhouse, Inc. is a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Henhouse, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.     At all relevant times, Defendant Henhouse, Inc. owned and operated as "Henhouse Café," a chain of restaurants located in Maricopa County, AZ.

10.     Under the FLSA, Defendant Henhouse, Inc. is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Henhouse, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained

employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Henhouse Café's employees, Defendant Henhouse, Inc. is subject to liability under the FLSA.

11.     At all material times, Defendant Henhouse Tempe, LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Henhouse Tempe, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.     At all relevant times, Defendant Henhouse Tempe, LLC owned and operated as "Henhouse Café," a chain of restaurants located in Maricopa County, AZ.

13.     Under the FLSA, Defendant Henhouse Tempe, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Henhouse Tempe, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Henhouse Café's employees, Defendant Henhouse Tempe, LLC is subject to liability under the FLSA.

14.     At all material times, Defendant Henhouse Café 2, LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times,

Defendant Henhouse Café 2, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

15.   At all relevant times, Defendant Henhouse Café 2, LLC owned and operated as "Henhouse Café," a chain of restaurants located in Maricopa County, AZ.

16.   Under the FLSA, Defendant Henhouse Café 2, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Henhouse Café 2, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Henhouse Café's employees, Defendant Henhouse Café 2, LLC is subject to liability under the FLSA.

17.   At all material times, Defendant Henhouse 3, LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Henhouse 3, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

18.   At all relevant times, Defendant Henhouse 3, LLC owned and operated as "Henhouse Café," a chain of restaurants located in Maricopa County, AZ.

19.   Under the FLSA, Defendant Henhouse 3, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Henhouse 3, LLC

had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Henhouse Café's employees, Defendant Henhouse 3, LLC is subject to liability under the FLSA.

20. At all material times, Defendant Henhouse 4, LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Henhouse 4, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

21. At all relevant times, Defendant Henhouse 4, LLC owned and operated as "Henhouse Café," a chain of restaurants located in Maricopa County, AZ.

22. Under the FLSA, Defendant Henhouse 4, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Henhouse 4, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Henhouse Café's employees, Defendant Henhouse 4, LLC is subject to liability under the FLSA.

23. At all material times, Defendant Henhouse Commissary, LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Henhouse Commissary, LLC does business, has offices, and/or

maintains agents for the transaction of its customary business in Maricopa County, Arizona.

24.     At all relevant times, Defendant Henhouse Commissary, LLC owned and operated as "Henhouse Café," a chain of restaurants located in Maricopa County, AZ.

25.     Under the FLSA, Defendant Henhouse Commissary, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Henhouse Commissary, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Henhouse Café's employees, Defendant Henhouse Commissary, LLC is subject to liability under the FLSA.

26.     At all material times, Defendant Henhouse Commissary Holdings, LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Henhouse Commissary Holdings, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

27.     At all relevant times, Defendant Henhouse Commissary Holdings, LLC owned and operated as "Henhouse Café," a chain of restaurants located in Maricopa County, AZ.

28.     Under the FLSA, Defendant Henhouse Commissary Holdings, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Henhouse Commissary Holdings, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Henhouse Café's employees, Defendant Henhouse Commissary Holdings, LLC is subject to liability under the FLSA.

29.     Defendants Brett Grebe and Maureen Grebe are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Brett Grebe and Maureen Grebe are owners of Henhouse Café and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

30.     Under the FLSA, Defendants Brett Grebe and Maureen Grebe are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Brett Grebe and Maureen Grebe had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of

Defendants in relation to Henhouse Café's employees, Defendants Brett Grebe and Maureen Grebe are subject to individual liability under the FLSA.

31.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

32.    At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of restaurants in Maricopa County, Arizona.

33.    At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.s

34.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the chain of restaurants that is Henhouse Café.

35.    Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

36.    Defendants, and each of them, are sued in both their individual and corporate capacities.

37.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

38.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

39.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

40.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

41.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

42.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

43.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

44.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

45.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

46.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

47.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

1    48.    Plaintiff, in his work for Defendant, regularly handled goods produced or

2    transported in interstate commerce.

3                              **FACTUAL ALLEGATIONS**

4    49.    Defendants own and/or operate as Henhouse Café, an enterprise located in

5

6    Maricopa County, Arizona.

7    50.    Plaintiff was hired by Defendants in approximately March 2021.

8    51.    At all relevant times, Plaintiff worked for Defendants through

9
    approximately October 6, 2022.
10

11    52.    At all relevant times, in his work for Defendants, Plaintiff worked as a chef

12    for Defendants.

13    53.    Defendants, in their sole discretion, paid Plaintiff $24.00 per hour,

14
    regardless of the number of hours he worked in a given workweek.
15

16    54.    Plaintiff, in his work for Defendants, was generally scheduled to, and did,

17    work approximately 70 hours per week.

18    55.    Defendants did not compensate Plaintiff one and one-half times his regular

19
    rate of pay for all hours worked in excess of 40 hours in a workweek.
20

21    56.    Rather than compensate Plaintiff at a rate of one and one-half times his

22    regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants

23    issued Plaintiff multiple paychecks from different restaurant locations for 40 hours or less

24
    in an attempt to avoid paying overtime.
25

26    57.    Defendants classified Plaintiff as W-2 employee.

27    58.    At all relevant times, Defendants paid Plaintiff on a weekly basis.

59.     On information and belief, Plaintiff's next regular payday after his departure from Henhouse Cafe was supposed to be October 7, 2022.

60.     Plaintiff should have received paychecks on October 7, 2022 and October 14, 2022.

61.     In his final two workweeks with Defendants, Plaintiff worked approximately 109 hours.

62.     Plaintiff went to the restaurant location to pick up his check as usual, but he was told that his check was mailed to him despite not requesting that his check be mailed to him.

63.     Plaintiff requested that Defendants reissue his check for him but Defendants refused.

64.     As such, Defendants failed to compensate Plaintiff any wages whatsoever for the final two workweeks of his employment with Defendants.

65.     Therefore, for the final two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

66.     To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

67.     As a result of not having paid any wage whatsoever to Plaintiff during his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

68.     As a result of Defendants' failure to compensate Plaintiff any overtime wage whatsoever for the hours he worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

69.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

70.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

71.     a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-350, et seq..

72.     Plaintiff was a non-exempt employee.

73.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

74.     Plaintiff is a covered employee within the meaning of the FLSA.

75.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

76.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

77.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the

1   unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees

2   and costs of this action under A.R.S § 23-363.

3       78.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover

4   from Defendants compensation for unpaid wages, to be proven at trial, in an amount that

5   is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under

6

7   A.R.S. § 23-355.

8                    **COUNT ONE: FAIR LABOR STANDARDS ACT**
9                        **FAILURE TO PAY OVERTIME**

10      79.     Plaintiff realleges and incorporates by reference all allegations in all

11  preceding paragraphs.

12
13      80.     Plaintiff was a non-exempt employee entitled to statutorily mandated

14  overtime wages.

15      81.     In a given workweek, Defendants failed to pay Plaintiff one and one-half

16  times the applicable regular rate of pay for all hours worked in excess of 40 hours.

17
18      82.     As a result of Defendants' failure to pay Plaintiff one and one-half times his

19  regular rate for all hours worked in excess of 40 per week in a given workweek,

20  Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours

21  worked for the duration of his employment, in violation of 29 U.S.C. § 207.

22
23      83.     As a result of Defendants' failure to compensate Plaintiff the applicable

24  overtime rate for all hours worked, Defendants violated the FLSA.

25      84.     As such, the full applicable overtime rate is owed for all hours that Plaintiff

26  worked in excess of 40 hours per week.

27

85.     Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

86.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Carlos Lazcano, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

     i.     Violated overtime provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

     ii.     Willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

87.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.     As a result of not paying Plaintiff any wage whatsoever for the final two weeks of his employment, Defendant failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

89.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

90.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carlos Lazcano, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

ii.  Willfully violated minimum wage provisions of the FLSA, 29

U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be

determined at trial;

C.   For the Court to award compensatory damages, including liquidated

damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the

action pursuant to 29 U.S.C. § 216(b) and all other causes of action set

forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

91.   Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

92.   As a result of not paying Plaintiff any wage whatsoever for the final two

workweeks of his employment, Defendant failed or refused to pay Plaintiff the Arizona

minimum wage.

93.   Defendant's practice of failing or refusing to pay Plaintiff at the required

minimum wage rate violated the AMWA, 23-363.

94.   Plaintiff is therefore entitled to compensation for the full applicable

minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to

1    twice the underpaid wages as liquidated damages, together with interest, reasonable

2    attorney's fees, and costs.

3        **WHEREFORE**, Plaintiff, Carlos Lazcano, respectfully requests that this Court

4    grant the following relief in Plaintiff's favor, and against Defendants:

5

6        A.    For the Court to declare and find that the Defendants committed one of

7              more of the following acts:

8              i.   Violated overtime provisions of the AMWA, A.R.S. § 23-363, by

9                   failing to pay proper minimum wages;

10

11             ii.  Willfully violated minimum wage provisions of t the AMWA,

12                  A.R.S. § 23-363, by willfully failing to pay proper minimum wages;

13       B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be

14             determined at trial;

15

16       C.    For the Court to award compensatory damages, including liquidated

17             damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

18       D.    For the Court to award prejudgment and post-judgment interest;

19

20       E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the

21             action pursuant to 29 U.S.C. § 216(b) and all other causes of action set

22             forth herein;

23       F.    Such other relief as this Court shall deem just and proper.

24

25

26

27

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**HENHOUSE, INC., HENHOUSE TEMPE, LLC, HENHOUSE CAFÉ 2, LLC,**
**HENHOUSE 3, LLC, HENHOUSE 4, LLC, HENHOUSE COMMISSARY, LLC,**
**AND HENHOUSE COMMISSARY HOLDINGS, LLC ONLY**

95.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.     As a result of the allegations contained herein, Defendants, Henhouse, Inc., Henhouse Tempe, LLC, Henhouse Café 2, LLC, Henhouse 3, LLC, Henhouse 4, LLC, Henhouse Commissary, LLC, AND Henhouse Commissary Holdings LLC did not compensate Plaintiff wages due and owing to her.

97.     Defendants, Henhouse, Inc., Henhouse Tempe, LLC, Henhouse Café 2, LLC, Henhouse 3, LLC, Henhouse 4, LLC, Henhouse Commissary, LLC, AND Henhouse Commissary Holdings LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

98.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final two workweeks in which she was employed by Defendants, Henhouse, Inc., Henhouse Tempe, LLC, Henhouse Café 2, LLC, Henhouse 3, LLC, Henhouse 4, LLC, Henhouse Commissary, LLC, AND Henhouse Commissary Holdings LLC.

99.     Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Carlos Lazcano, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants, Henhouse, Inc., Henhouse

Tempe, LLC, Henhouse Café 2, LLC, Henhouse 3, LLC, Henhouse 4, LLC, Henhouse Commissary, LLC, AND Henhouse Commissary Holdings LLC:

    A.    For the Court to declare and find that the Defendants, Henhouse, Inc., Henhouse Tempe, LLC, Henhouse Café 2, LLC, Henhouse 3, LLC, Henhouse 4, LLC, Henhouse Commissary, LLC, AND Henhouse Commissary Holdings LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

    B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

    C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

    D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

    E.    Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of October, 2022.

                        BENDAU & BENDAU PLLC

                        By: /s/ *Clifford P. Bendau, II*
                        Clifford P. Bendau, II
                        Christopher J. Bendau
                        *Attorneys for Plaintiff*

## <u>VERIFICATION</u>

1

2      Plaintiff, Carlos Lazcano, declares under penalty of perjury that she has read the

3  foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4  asserted therein are true and based on his personal knowledge, except as to those matters

5  stated upon information and belief, and, as to those matters, she believes them to be true.

6

7

8                                                   Carlos Santos lazcano (Oct 20, 2022 11:32 PDT)

9                                                   Carlos Lazcano

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27